UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT MACHLAN, | Case No. 3:16-cv-00726-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| DR. ARANAS, *et al.,* | |
| Defendants. | |

On December 21, 2017, the Court dismissed this action with prejudice based on Plaintiff's failure to comply with the Court's Screening Order giving him thirty (30) days to file an amended complaint. (ECF No. 7.) The Court's Screening Order had been returned as undeliverable because Plaintiff failed to file a notice of change of address as required by LR IA 3-1. On January 10, 2018, Plaintiff filed a notice of change of address (ECF No. 9) and a motion to vacate judgment ("Motion") (ECF No. 10). Plaintiff asserts that he did not receive the Screening Order, and only received the dismissal order on December 29, 2017, which prompted him to file the notice of change of address. He also contends he was not aware of his obligation to update the Court with his change of address. It is Plaintiff's obligations to be familiar with the Court's local rules and the procedural rules governing his case. Nevertheless, the Court grants Plaintiff's Motion under the circumstances here given Plaintiff's pro se status, the fact that he timely acted to remedy his failure to comply with LR IA 3-1 and the public policy favoring disposition of cases on their merits.

It is therefore ordered that Plaintiff's motion to vacate judgment (ECF No. 10) is granted. The dismissal order (ECF No. 7) and judgment (ECF No. 8) are vacated. Plaintiff

will be given thirty (30) days from the date of this Order to file an amended complaint to correct the deficiencies identified in the Screening Order. Plaintiff should review the Screening Order, a copy of which is attached, to ensure compliance with the Screening Order.

DATED THIS 22nd day of January 2018

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERT MACHLAN,

                                    Plaintiff,

        v.

ROMEO ARANAS, et al.,

                                    Defendants.

Case No. 3:16-cv-00726-MMD-VPC

SCREENING ORDER

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis* and a motion for appointment of counsel. (ECF Nos. 1, 1-1, 1-2.) The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

## I.      SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and

(2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption

of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at the Warm Springs Correctional Center ("WSCC") and the Lovelock Correctional Center ("LCC"). (ECF No. 1-1 at 1.) Plaintiff sues Defendants Medical Director R. Aranas, Director of Nurses Patricia Smith, Registered Nurse B. Borg, LCC Warden Baker, and Correctional Officer File. (*Id.* at 2-3.) Plaintiff alleges three counts and seeks injunctive and monetary relief. (*Id.* at 11.)

### A.   Count I

In Count I, Plaintiff alleges the following: Defendants Aranas, Smith, and Borg have denied Plaintiff a lifesaving treatment for his hepatitis C, at all levels. (*Id.* at 4.) Defendant Aranas told Plaintiff he would be seen about treatment, but this has not happened. (*Id.*) Plaintiff asserts that Defendant Smith refers him to Medical Directive 219, which a layperson cannot understand. (*Id.*) Plaintiff alleges that Defendant Borg made a determination that Plaintiff was not in need of treatment based on lab work. (*Id.*) However, Plaintiff asserts that Defendant Borg "overstepped her medical boundaries by making a

1  [decision that] which a trained medical doctor should make." (*Id.*) Plaintiff claims that

2  these continued denials have done nothing but give the disease more time to destroy his

3  liver. (*Id.*) Plaintiff alleges an Eighth Amendment deliberate indifference violation. (*Id.*)

4        The Eighth Amendment prohibits the imposition of cruel and unusual punishment

5  and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity,

6  and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the

7  Eighth Amendment when he acts with "deliberate indifference" to the serious medical

8  needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth

9  Amendment violation, a plaintiff must satisfy both an objective standard—that the

10  deprivation was serious enough to constitute cruel and unusual punishment—and a

11  subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th

12  Cir. 2012).

13        To establish the first prong, "the plaintiff must show a serious medical need by

14  demonstrating that failure to treat a prisoner's condition could result in further significant

15  injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091,

16  1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference

17  prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain

18  or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may

19  appear when prison officials deny, delay or intentionally interfere with medical treatment,

20  or it may be shown by the way in which prison physicians provide medical care." *Id.*

21  (internal quotations omitted). When a prisoner alleges that delay of medical treatment

22  evinces deliberate indifference, the prisoner must show that the delay led to further injury.

23  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)

24  (holding that "mere delay of surgery, without more, is insufficient to state a claim of

25  deliberate medical indifference").

26        Based on the allegations, Plaintiff has adequately alleged that he has a serious

27  medical condition, hepatitis C, and that Defendants Aranas, Smith, and Borg, knew of his

28  ///

4

condition and refused to provide medical treatment. Plaintiff states a colorable claim for deliberate indifference to medical needs against Defendants Aranas, Smith, and Borg.

### B.    Count II

In Count II, Plaintiff elaborates on his Count I claims and alleges that Defendants Aranas and Smith have given the hepatitis C treatment to other inmates, but continue to deny Plaintiff the same treatment. (ECF No. 1-1 at 5.) Defendants Aranas and Smith have not discussed the reason for the denial. (*Id.*) Defendant Aranas tells Plaintiff he will be seen to discuss treatment and Defendant Smith directs Plaintiff to Medical Directive 219. (*Id.*) Plaintiff alleges that he has asked why other inmates have received treatment and he has not, and he is told to review Medical Directive 219. (*Id.*) Plaintiff asserts that he is being "singled out" for a treatment that will save his life. (*Id.*) Plaintiff claims that without treatment the chance of future harm is imminent and death is the end result. (*Id.*) Plaintiff alleges a Fourteenth Amendment equal protection violation. (*Id.*)

In the second portion of Plaintiff's Count II claim, Plaintiff claims that the paging system at LCC is inadequate for inmates in protective segregation. (*Id.* at 6.) Plaintiff asserts that inmates in general population can go to the law library everyday on their yard time, but Plaintiff can only access the law library through the paging system. (*Id.*) Plaintiff alleges that Defendants Baker and File make it "next to impossible" to access case law because, as an inmate in segregation, Plaintiff has to request all legal work through the law clerk, while general population does not have these restrictions. (*Id.*) Plaintiff alleges a Fourteenth Amendment Equal Protection violation. (*Id.*)

The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly situated persons be treated equally under the law. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). In order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *Lee v. City of*

*Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff fails to state a colorable Equal Protection Clause claim at this time. Plaintiff does not include factual allegations that establish that Defendants discriminated against him based upon membership in a protected class or that Defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. Protected segregation inmates are not a "protected class" within the meaning of equal protection laws. Accordingly, Plaintiff's Fourteenth Amendment claim against Defendants Aranas, Smith, Baker, and File is dismissed, with leave to amend.

### C.    Count III

In Count III, Plaintiff alleges the following: Defendants Baker and File are not allowing Plaintiff proper access to the courts because he is not allowed access to the library at LCC due to him being in protective segregation. (ECF No. 1-1 at 7.) Plaintiff claims he does not have meaningful access to legal research or anyone trained in law to assist him. (*Id.*) Plaintiff asserts that there is only one law clerk who has no legal training and only "runs legal material to and from a fence." (*Id.*) Plaintiff claims that the legal system at LCC is inadequate and there is no one trained in law to assist Plaintiff with his § 1983 civil rights complaint. (*Id.*) Plaintiff believes that Defendants Baker and File are denying him reasonable access to the courts by restricting access to the law library and not having someone trained in law to assist Plaintiff because he is a protected segregation inmate. (*Id.* at 8.) Plaintiff asserts a violation of his Sixth Amendment right to access the courts. (*Id.*)

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This right, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to

sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. It is this "capability, rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. *Id.* at 356-57.

To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. *Id.* at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348. Delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." *Id.* at 362. The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *Id.* at 353 n.3, 354-55.

Plaintiff fails to state a colorable access to courts claim at this time. Plaintiff does not include factual allegations that establish he suffered an actual injury due to the alleged violation of the right of access to the courts. Accordingly, Plaintiff's access to courts claim against Defendants Baker and File is dismissed, with leave to amend.

### D.   Leave to Amend

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this

1    Court's approved prisoner civil rights form and it must be entitled "First Amended
2    Complaint."

3          The Court notes that if Plaintiff chooses to file an amended complaint curing the
4    deficiencies, as outlined in this order, Plaintiff must file the amended complaint within
5    thirty (30) days from the date of entry of this order. If Plaintiff chooses not to file an
6    amended complaint curing the stated deficiencies, this action will proceed against
7    Defendants Aranas, Smith, and Borg (Count I — deliberate indifference) only.

8    **III.    MOTION FOR APPOINTMENT OF COUNSEL**

9          Plaintiff has filed a motion for appointment of counsel. (ECF No. 1-2.) A litigant
10   does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights
11   claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C.
12   § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford
13   counsel." However, the court will appoint counsel for indigent civil litigants only in
14   "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983
15   action.) "When determining whether 'exceptional circumstances' exist, a court must
16   consider 'the likelihood of success on the merits as well as the ability of petitioner to
17   articulate his claims pro se in light of the complexity of the legal issues involved." *Id.*
18   "Neither of these circumstances is dispositive and instead must be viewed together." *Id.*
19   In the instant case, the Court does not find exceptional circumstances that warrant the
20   appointment of counsel. The Court denies the motion for appointment of counsel.

21   **IV.    CHANGE OF ADDRESS**

22         According to the Nevada Department of Corrections ("NDOC") inmate database,
23   Plaintiff is no longer at the address listed with the Court and Plaintiff has not filed an
24   updated address with this Court. The Court notes that pursuant to Nevada Local Rule of
25   Practice IA 3-1, a "pro se party must immediately file with the court written notification of
26   any change of mailing address . . . Failure to comply with this rule may result in the
27   dismissal of the action, entry of default judgment, or other sanctions as deemed
28   appropriate by the court." Nev. Loc. R. IA 3-1. This Court grants Plaintiff thirty (30) days

8

from the date of entry of this order to file his updated address with this Court. If Plaintiff does not update the Court with his current address within thirty (30) days from the date of entry of this order, the Court will dismiss this action with prejudice.

**V.    CONCLUSION**

For the foregoing reasons, it is ordered that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

It is further ordered that the Clerk of the Court file the complaint (ECF No. 1-1).

It is further ordered that the Count I deliberate indifference claim will proceed against Defendants Aranas, Smith, and Borg if Plaintiff timely files an updated address with the Court.

It is further ordered that the Count II Equal Protection claim is dismissed, without prejudice, with leave to amend.

It is further ordered that the Count III access to courts claim is dismissed, without prejudice, with leave to amend.

It is further ordered that the motion for appointment of counsel (ECF No. 1-2) is denied.

It is further ordered that Plaintiff must file his updated address with the Court within thirty (30) days from the date of this order.

It is further ordered that, if Plaintiff fails to timely file an updated address with the Court, the Court will dismiss this case with prejudice.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff must file the amended complaint within thirty (30) days from the date of entry of this order.

It is further ordered that the Clerk of the Court send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1). If Plaintiff chooses to file an amended complaint, he must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff chooses not to file an amended complaint curing the stated deficiencies of the complaint, this action will proceed only against Defendants Aranas, Smith, and Borg (Count I — deliberate indifference) if Plaintiff timely files an updated address with the Court.

DATED THIS 13th day of November 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

_____
Name
_____

_____

_____
Prison Number

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| _____, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CASE NO.** _____ |
| | ) | (To be supplied by the Clerk) |
| _____, | ) | |
| | ) | |
| _____, | ) | **CIVIL RIGHTS COMPLAINT** |
| | ) | **PURSUANT TO** |
| _____, | ) | **42 U.S.C. § 1983** |
| | ) | |
| _____, | ) | |
| | ) | |
| _____, | ) | |
| Defendant(s). | ) | |

### A. JURISDICTION

1)      This complaint alleges that the civil rights of Plaintiff, _____,

(Print Plaintiff's name)

who presently resides at _____, were

violated by the actions of the below named individuals which were directed against

Plaintiff at _____ on the following dates

(institution/city where violation occurred)

_____, _____ , and _____.

(Count I)                          (Count II)                          (Count III)

**Make a copy of this page to provide the below
information if you are naming more than five (5) defendants**

2) Defendant _____ resides at _____,
             (full name of first defendant)        (address if first defendant)
   and is employed as _____ . This defendant is sued in his/her
                (defendant's position and title, if any)
   ___ individual ____ official capacity.  (Check one or both).  Explain how this defendant was acting

   under color of law: _____
_____

3) Defendant _____ resides at _____,
             (full name of first defendant)        (address if first defendant)
   and is employed as _____ . This defendant is sued in his/her
                (defendant's position and title, if any)
   ___ individual ____ official capacity.  (Check one or both).  Explain how this defendant was acting

   under color of law: _____
_____

4) Defendant _____ resides at _____,
             (full name of first defendant)        (address if first defendant)
   and is employed as _____ . This defendant is sued in his/her
                (defendant's position and title, if any)
   ___ individual ____ official capacity.  (Check one or both).  Explain how this defendant was acting

   under color of law: _____
_____

5) Defendant _____ resides at _____,
             (full name of first defendant)        (address if first defendant)
   and is employed as _____ . This defendant is sued in his/her
                (defendant's position and title, if any)
   ___ individual ____ official capacity.  (Check one or both).  Explain how this defendant was acting

   under color of law: _____
_____

6) Defendant _____ resides at _____,
                  (full name of first defendant)           (address if first defendant)
and is employed as _____ . This defendant is sued in his/her
                  (defendant's position and title, if any)
___ individual ____ official capacity.  (Check one or both).  Explain how this defendant was acting

under color of law: _____

_____

7) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343 (a)(3) and 42 U.S.C. § 1983.  If you wish to assert jurisdiction under different or additional statutes, list them below.

_____

_____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## B. NATURE OF THE CASE

1)      Briefly state the background of your case.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## C. CAUSE OF ACTION

3

**COUNT I**

The following civil rights has been violated: _____

_____

_____


     Supporting Facts: [Include all fact you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**COUNT II**

The following civil rights has been violated: _____

_____

_____

      Supporting Facts: [Include all fact you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## COUNT III

The following civil rights has been violated: _____

_____

_____

      Supporting Facts: [Include all fact you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1)    Have you filed other actions in state or federal courts involving the **same or similar facts** as involved in this action?  _____ Yes _____ No.  If your answer is "Yes", describe each lawsuit.  (If more than one, describe the others on an additional page following the below

outline).

a)      Defendants: _____

b)      Name of court and docket number: _____

c)      Disposition (for example, was the case dismissed , appealed or is it still pending?):

         _____

d)      Issues raised: _____

         _____

         _____

e)      Approximate date it was filed: _____

f)      Approximate date of disposition: _____

2)      Have you filed an action in federal court that was **dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted?** ____ Yes ____ No.  If your answer is "Yes", describe each lawsuit.  (If you had more than three actions dismissed based on the above reasons, describe the others on an additional page following the below outline.)

Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:

a)      Defendants: _____.

b)      Name of court and case number: _____.

c)      The case was dismissed because it was found to be (check one): _____ frivolous ____ malicious or ____ failed to state a claim upon which relief could be granted.

d)      Issues raised: _____

         _____

e)      Approximate date it was filed: _____

f)      Approximate date of disposition: _____

Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:

a)      Defendants: _____.

b)      Name of court and case number: _____.

c)     The case was dismissed because it was found to be (check one): _____ frivolous \_\_\_\_ malicious or \_\_\_\_ failed to state a claim upon which relief could be granted.

d)     Issues raised: _____

_____

e)     Approximate date it was filed: _____

f)     Approximate date of disposition: _____

Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:

a)     Defendants: _____.

b)     Name of court and case number: _____.

c)     The case was dismissed because it was found to be (check one): _____ frivolous \_\_\_\_ malicious or \_\_\_\_ failed to state a claim upon which relief could be granted.

d)     Issues raised: _____

_____

e)     Approximate date it was filed: _____

f)     Approximate date of disposition: _____

3)     Have you attempted to resolve the dispute stated in this action by seeking relief from the proper administrative officials, e.g., have you exhausted available administrative grievance procedures? \_\_\_ Yes \_\_\_ No.  If your answer is "No", did you not attempt administrative relief because the dispute involved the validity of a: (1) \_\_\_ disciplinary hearing; (2) \_\_\_ state or federal court decision; (3) \_\_\_ state or federal law or regulation; (4) \_\_\_ parole board decision; or (5) \_\_\_ other _____.

If your answer is "Yes", provide the following information. Grievance Number _____.

Date and institution where grievance was filed _____.

Response to grievance: _____

_____

_____

_____

_____

- - - - - - - - - - - - - - - - - - -

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following relief:

_____

_____

_____

_____

_____

_____

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury.  **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**  See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

_____          _____
(Name of Person who prepared or helped           (Signature of Plaintiff)
 prepare this complaint if not Plaintiff)

                                          _____
                                                     (Date)

- - - - - - - - - - - - - - - - - - - - - - - - - - -
(Additional space if needed; identify what is being continued)

_____

_____

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

**INSTRUCTIONS FOR FILING A CIVIL RIGHTS COMPLAINT
BY AN INMATE UNDER 42 U.S.C. § 1983**

**A.    Who May Use This Form**

You must use the attached form if you are an inmate.  The attached 42 U.S.C. § 1983 civil rights complaint form is designed to help inmates prepare a complaint seeking relief for alleged violations of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.

Do not use this form if you are challenging the length of your sentence or the validity of your conviction.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered judgment.

**B.    Filing a § 1983 Civil Rights Action**

To initiate a § 1983 civil rights action, you must submit:  (1) a completed complaint form and (2) a check or money order for $400 (which includes the $350 filing fee and the $50 administrative fee), or an inmate application to proceed *in forma pauperis*.

If you have the money to pay the full $400 filing fee, please send a check or money order made payable to "CLERK, U.S. DISTRICT COURT" with your complaint.

If you are unable to pay the entire filing fee at the time you submit your complaint, please complete an inmate's application to proceed *in forma pauperis*.  You may request the packet titled "Information for Filing an Application to Proceed *In Forma Pauperis* by an Inmate under 28 U.S.C. § 1915."

In civil actions filed by pro se (self-represented) inmates, the action must be filed in the unofficial division of the court in which the inmate is incarcerated when the complaint is submitted for filing.  *See* Local Rules of Practice for the United States District Court for the District of Nevada ("LR") IA 1-6, 1-8.  The Clerk of the Court maintains offices in Las Vegas and Reno at the following addresses:

Unofficial Southern Division (Clark, Esmeralda, Lincoln, & Nye counties):
U.S. District Court Office of the Clerk
333 Las Vegas Boulevard, South, Room #1334
Las Vegas, NV  89101

Unofficial Northern Division (all other counties):
U.S. District Court Office of the Clerk
400 S. Virginia Street, Room #301
Reno, NV  89501

If you are incarcerated at a facility that uses electronic filing, please continue to use electronic filing.

**C.     Completing the Civil Rights Complaint Form**

***General Information***
- You must complete the form in its entirety.  All questions must be answered in order for your action to proceed.  Your responses must be typewritten or legibly handwritten.  You must sign page 9 of the form and declare under penalty of perjury that the facts stated in the complaint are true and correct.

- Do not write on the back of any of the pages.  All information must be clearly and concisely written in the space provided on the form.  Do not write in the margins.  If you attach additional pages to the form, you must identify which section of the complaint is being continued and number the pages accordingly (e.g., 2-A, 2-B, 3-A, 3-B, etc.).

- All inmate-litigants are required to follow the Local Rules of Practice for the United States District Court for the District of Nevada.  A copy of the Local Rules is maintained at each Nevada Department of Corrections Facility.

***Heading/Caption***
- Your Name:  Print your full name, prison or inmate number, and institutional mailing address on the lines provided.

- Defendants:  If there are five or fewer defendants, print the name of each.  If you are suing more than five defendants, print the name of the first defendant on the first line and write "see additional pages for defendants" on the second line.  On an additional page, you must list the names of all defendants.  Insert this additional page after page 1 and number the page "1-A" at the bottom.

- Jury Demand:  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983."

- *Bivens* Action:  If you are filing a complaint in which you are naming a federal officer as a defendant instead of a state, county, or city official, you should cross out "42 U.S.C. § 1983" and below it write "*BIVENS* ACTION."

***Part A: Jurisdiction***
- Page 1:  Fill in all of the requested information about you on page 1 in the spaces provided.

- Page 2: Fill in all of the requested information about each of the defendants in the spaces provided.  If you are naming more than five defendants, then make a copy of page 2 of the form and provide the necessary information for the additional defendants. Label the page(s) "2-A", "2-B", etc. at the bottom of the page and insert the additional page(s) immediately behind page 2.

- Page 3:  If you wish to assert jurisdiction under a different or additional statute(s), list them on page 3.

///

Revised 10/7/16

***Part B: Nature of the Case***
- Briefly give an overview of your case by providing general facts about your case.  This is <u>not</u> the place to provide detailed information about what each defendant did to violate your rights (see Part C).

***Part C: Cause of Action***
- This is where you identify what rights you claim the defendant(s) violated.  The form provides three pages for alleging three counts.  If you are alleging more than three counts, then attach an additional page for <u>each</u> additional count (so that there is only one count per page).  Number the additional pages "6-A", "6-B", etc. and insert the pages immediately behind page 6.

- You must identify which civil rights you claim have been violated.

- You need to state <u>facts</u> supporting the violation.  You should be as specific as possible and describe what each individual defendant did to violate your rights.  You should name the individual defendants and include dates when possible.

***Part D: Previous Lawsuits and Administrative Relief***
- You must identify any other lawsuit you have filed in either state or federal court that relates to the same or similar claims that you have alleged in this civil rights complaint.

- You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each claim in your complaint.  If the grievance procedures were not available for any of your claims, fully explain why on the lines provided.

***Part E: Request for Relief***
- Print the relief you are seeking in the space provided.

***Signature***
- You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  If someone wrote this civil rights complaint for you (such as an inmate law clerk), that person must write their name on the line next to your signature.

## D.      Amended Complaints

If you need to change any information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights form.  The amended complaint must be complete in itself and may not incorporate by reference any part of your prior complaint.  Any allegations or defendants not included in the amended complaint are considered abandoned.  Please refer to LR 15-1 and Fed. R. Civ. P. 15 for how and when a party may move the court to file an amended complaint.

Revised 10/7/16

Robert Machlan
**Name**
1200 Prison Rd
Lovelock, NV 89419
87777
**Prison Number**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Robert Machlan
              **Plaintiff,**

vs.

Dr. Aranas
Patricia Smith
B. Bosq R.N.
Warden Baker
Ms. File
              **Defendant(s).**

)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO.** 3:16-cv-00726
      **(To be supplied by the Clerk)**

**CIVIL RIGHTS COMPLAINT
PURSUANT TO
42 U.S.C. § 1983**

Trial Requested

### A. JURISDICTION

1) This complaint alleges that the civil rights of Plaintiff, Robert Machlan
                **(Print Plaintiff's name)**

who presently resides at Lovelock Correctional Center, were

violated by the actions of the below named individuals which were directed against
Warm Springs Correctional Center and
Plaintiff at Lovelock Correctional Center _____ on the following dates
      **(institution/city where violation occurred)**
    2015          2015          2016
Eigth Amendment, Fourteenth Amendment, and Sixth Amendment
    **(Count I)**         **(Count II)**         **(Count III)**

LCC LI. FORM 36.022

**Make a copy of this page to provide the below**
**information if you are naming more than five (5) defendants**

2) Defendant _Dr. R. Aranas_ resides at _N.D.O.C. Casson City_.
     (full name of first defendant)        (address if first defendant)
and is employed as _Medical Director_. This defendant is sued in his/her
     (defendant's position and title, if any)
   _X_ individual _X_ official capacity. (Check one or both). Explain how this defendant was acting

   under color of law: _Denied Treatment To A Serious Medical Need_
_Hepatitis C and delay To Answer grievance_

3) Defendant _Patricia Smith_ resides at _Warm Springs Correction Center_
     (full name of first defendant)        (address if first defendant)
and is employed as _Director of Nurses_. This defendant is sued in his/her
     (defendant's position and title, if any)
   _X_ individual _X_ official capacity. (Check one or both). Explain how this defendant was acting

   under color of law: _Denied Treatment of Serious Medical Need_
_Hepatitis C_

4) Defendant _B. Boria_ resides at _Warm Springs Correction Center_.
     (full name of first defendant)        (address if first defendant)
and is employed as _Registered Nurse_. This defendant is sued in his/her
     (defendant's position and title, if any)
   _X_ individual _X_ official capacity. (Check one or both). Explain how this defendant was acting

   under color of law: _Denied Treatment based on her own. Refused To_
_Seek A Medical Doctor To Make A determination._

5) Defendant _Mrs Baker_ resides at _Lovelock Correctional Center_.
     (full name of first defendant)        (address if first defendant)
and is employed as _Warden_. This defendant is sued in his/her
     (defendant's position and title, if any)
   _X_ individual _X_ official capacity. (Check one or both). Explain how this defendant was acting

   under color of law: _Denied Access To The Courts by Not Allowing_
_Segregated Inmates Access To The Law Library._

2

6) Defendant _Ms. File_____ resides at _LoveLock Correctional Center_
  (full name of first defendant)      (address if first defendant)
and is employed as _Correctional Officer_____. This defendant is sued in his/her
    (defendant's position and title, if any)
 _X_ individual _X_ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: _Denied Access To The Courts by Allowing A inadequate paging System for Access To The Law Library for segregated inmates_

7) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343 (a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional statutes, list them below.

_____

_____

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

## B. NATURE OF THE CASE

1)   Briefly state the background of your case.

 I have been trying for 5 Years To receive Treatment To my Serious Medical Condition Hepatitis C. Dr. Aranas, Patricia Smith And B. Borg RN have denied Me This Life saving Treatment, While others under Their care do in fact receive This Treatment I have Filed all Levels To The grievance process without any Treatment. This is A Life saving Treatment. This 42 USC 1983 is My Last effort for help.

  Both Warden Baker And Correctional Officer and Law Library Staff Ms. File are denying Me Access To The Courts by not Allowing Me Access To The Law Library, because I Am A Segregated custody inmate here At Lovelock Correctional Center.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

## C. CAUSE OF ACTION

3

## COUNT I

The following civil rights has been violated: Eighth Amendment
Violation of Deliberate Indifference.

Supporting Facts: [Include all fact you consider important. State the facts clearly,
in your own words, and without citing legal authority or argument. Be sure you
describe exactly what each specific defendant (by name) did to violate your rights].

Dr. Aranas, Patricia Smith and a B. Borg have all
denied me a life saving treatment of my serious medical condition
of Hepatitis C. Dr Aranas is the Medical Director for the
Nevada Department of Corrections. Ms Patricia Smith is the
Director of Nurses (DON) and B. Borg is a registered nurse
at Warm springs Correctional Center. They have denied me the
treatment at all levels. This includes the grievance process. At
one point Dr. Aranas says "I will be seen to discuss treatment." This
has still not happened. Ms Smith referrs me to the Medical
directive 219, which a layperson would need a degree in medicine
to understand. Then B. Borg RN made a determination of my
medical need based on lab work, stating "You do not need the
treatment at this time." This person has overstepped her
medical boundries by making a dission which a trained Medical
Doctor should make. This continued denial has done nothing
but give this desease more time to destroy my lives and make
it next to impossible for the treatment to work. This is being
done maliciously and with intent to further punish me
because I am a inmate. This is a death sentence to me.

4

**COUNT II**

The following civil rights has been violated: Fourteenth Amendment Violation of Equal Protection

Continuation on Page 5A

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

The Medical Director Dr Aranas and The Director of Nurses Patricia Smith At Warm Springs Correctional Center, have in Fact given This Treatment For Hepatitis C To other inmates under Their care, but keep denying Me The same Treatment for going on six years now. Neither of which has ever discussed any sort of Treatment or reason for Their denial. They have only gave some off The wall answers To Me. Dr Aranas states "You will be seen To discuss Treatment." The Director of Nurses Patricia Smith Tries To Make it easy on herself by directing Me To a Medical directive 219 which means nothing To Me Nor To Anyone who does not have a Medical degree. I have Asked why others receive The Treatment and I can not. Their answer is again "See Medical directive 219" I am being singaled out for a treatment which will save my life. without This Treatment The chance of Future harm is eminent. If This is Allowed To continue I will become untreatable and death is The end result. Them denying Me Treatment while others receive it is Truly Malicious To Myself.

**COUNT II**

The following civil rights has been violated: <u>Fourteenth Amendment Violation</u>
<u>of Equal Protection</u>

<u>Continued from page 5</u>

Supporting Facts: [Include all fact you consider important. State the facts clearly,
in your own words, and without citing legal authority or argument. Be sure you
describe exactly what each specific defendant (by name) did to violate your rights].

<u>The paging system here at Lovelock is so inadequate to any</u>
<u>inmate in Protected Segregation. I am being denied access to</u>
<u>the courts by not allowing me access to the Law Library by</u>
<u>through the paging system where the inmates in General</u>
<u>Population can go to the law library everyday on their yard</u>
<u>time. Warden Baker and Correctional officer Ms File who is</u>
<u>the Law Library staff make it next to impossible to access any</u>
<u>case law. I have to put in a request for 5 cases on Monday mornings</u>
<u>before 8am to receive the cases on Tuesday. This is done through</u>
<u>the law clerk in my unit. I do not understand how the</u>
<u>general population inmates can use the law library everyday</u>
<u>but as a Segregated inmate I have to request everything</u>
<u>that has to do with legal work. This is denying me any</u>
<u>access to the courts. While general population have next</u>
<u>to no restrictions.</u>

5 A

## COUNT III

The following civil rights has been violated: __Six Th Amendment Violation__
of  Access  To The Courts

Continuation on Page 6A

Supporting Facts: [Include all fact you consider important. State the facts clearly,
in your own words, and without citing legal authority or argument. Be sure you
describe exactly what each specific defendant (by name) did to violate your rights].

Warden Baker and Correctional officer Ms. File The Law
Library C/o and staff are not allowing me proper access
To The Courts by not allowing me access To The Law Library
here at Lovelock Correctional Center because I am housed
as a Protected segregated inmate. I have not meaningful
Access to do legal research or anyone Trained in Law to
Assist me. There is only one Law clerk who has no legal
Training and only runs legal matrial to and From a Fence.
The system here at Lovelock Correctional Center is by no
Means adequate and falls very short of any help by anyone
Trained in Law to assist me in my 42 USC 1983 civil rights
complaint. If not for The help from a inmate who has a
small amount of Law work I would not know how to even
begin. I have to request case law and wait up to two
day to receive it. Then I have to rush to read it and
copy any ruling before I return it to the Law clerk to
return it so I can receive any more. Now once I
have done my best to put Together my 42 USC. 1983 I
have to request for it To be E-Filed. This is done

6

## COUNT III

The following civil rights has been violated: <u>Sixth Amendment Violation</u>
<u>of Access To The Courts</u>
<u>Continued from page 6</u>

**Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].**

by putting The E-File form (LCC E-Filing #002) in The grievance box in my unit. Then waiting to be called to Fence and give this confidential and sensitive matyial To a Correctional officer Ms Filt. This in itself could cause my 42 USC. §1983 To be Time barred or even dismissed Altogether. The delay in any Litigation I wish To present To The Courts is now over do To a process That has no ryme or reason. This would cause undo harm To myself and a total disrespect To The Courts. It is my belief That Warden Baker and Ms File here at Lovelock Correctional Center are denying me reasonable Access To The Courts by restricting Access To The law Library and not having someone Trained in law To Assist myself because I am a Protected Segregated inmate. The system here is so very ineffective and any Legal research is virtually impossible which has To be a violation of my Sixth Amendment right To Access The Court by way of The law Library.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1)   Have you filed other actions in state or federal courts involving the **same or similar facts**
     as involved in this action?   _____ Yes   _X_ No.  If your answer is "Yes", describe each
     lawsuit. (If more than one, describe the others on an additional page following the below

6A

outline).

a)     Defendants: _____

b)     Name of court and docket number: _____

c)     Disposition (for example, was the case dismissed , appealed or is it still pending?): _____

d)     Issues raised: _____

_____

_____

e)     Approximate date it was filed: _____

f)     Approximate date of disposition: _____

2)     Have you filed an action in federal court that was dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted? _____ Yes  _X_ No.  If your answer is "Yes", describe each lawsuit. (If you had more than three actions dismissed based on the above reasons, describe the others on an additional page following the below outline.)

Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:

a)     Defendants: _____.

b)     Name of court and case number: _____.

c)     The case was dismissed because it was found to be (check one): _____ frivolous ____ malicious or ____ failed to state a claim upon which relief could be granted.

d)     Issues raised: _____

_____

e)     Approximate date it was filed: _____

f)     Approximate date of disposition: _____

Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:

a)     Defendants: _____.

b)     Name of court and case number: _____.

c)   The case was dismissed because it was found to be (check one): _____ frivolous
     ____ malicious or ____ failed to state a claim upon which relief could be granted.

d)   Issues raised: _____
     _____

e)   Approximate date it was filed: _____

f)   Approximate date of disposition: _____

Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:

a)   Defendants: _____.

b)   Name of court and case number: _____.

c)   The case was dismissed because it was found to be (check one): _____ frivolous
     ____ malicious or ____ failed to state a claim upon which relief could be granted.

d)   Issues raised: _____
     _____

e)   Approximate date it was filed: _____

f)   Approximate date of disposition: _____

3)   Have you attempted to resolve the dispute stated in this action by seeking relief from the
     proper administrative officials, e.g., have you exhausted available administrative grievance
     procedures? X̲ Yes ____ No. If your answer is "No", did you not attempt administrative
     relief because the dispute involved the validity of a: (1) ___ disciplinary hearing; (2) ___
     state or federal court decision; (3) ___ state or federal law or regulation; (4) ____ parole
     board decision; or (5) ___ other _____.
     If your answer is "Yes", provide the following information. Grievance Number 2006300846̲9̲
     Date and institution where grievance was filed 9·23·15 WASHSDSIVSS CORRECTION CENTER

     Response to grievance: Denied At All Levels. _____
     _____
     _____

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following relief:

Compensatory relief of $100,000.⁰⁰ for pain and suffering
Punitive relief of 100,000.⁰⁰ for denial of Treatment
Injutive relief of Medical To begin Treatment of
Medicine for Hepatitis C. ASAP And To have
Access To The Law Library

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

John Michaud #40734
(Name of Person who prepared or helped
prepare this complaint if not Plaintiff)

X _____
(Signature of Plaintiff)

12-9-2016
(Date)

(Additional space if needed; identify what is being continued)

9